■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG CANTY, Appellant. [643 NYS2d 992]

We find that any prejudice resulting from the prosecutor's erroneous comments in her opening statements concerning the import of an indictment, and in the court's refusal to give an immediate curative instruction does not mandate reversal in light of the court's instructions during jury selection and in its final charge (*People v Sanders*, 213 AD2d 432, *lv denied* 85 NY2d 980; *People v James*, 197 AD2d 429, *lv denied* 83 NY2d 806). We also find that, by his acquiescence in the court's election to defer the curative instruction until its final charge, defendant failed to preserve his present argument for appellate review. Although defendant did move for a mistrial in connection with an improper summation comment that shifted the burden of proof, he did not object to the adequacy of the relief proposed by the court or challenge the adequacy of the final instruction in this regard, and thus similarly has failed to preserve this claim (*People v Johnson*, 210 AD2d 174, *lv denied*

85 NY2d 939). Review in the interest of justice is not warranted. Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.